DIAMOND CATTLE COMPANY, Appellant and Respondent, *v.* GUY LE ROY STEVICK, Respondent and Appellant, Impleaded with Others.

*Principal and agent — action to recover alleged secret commission received by agent from purchaser of property of principal — counterclaim for commissions.*

*Diamond Cattle Co.* v. *Stevick,* 199 App. Div. 15, affirmed.

(Argued December 7, 1922; decided January 9, 1923.)

CROSS-APPEALS from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 12, 1922, modifying and affirming as modified a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term. The action was brought by plaintiff to have it adjudged to be the owner of 481 shares of the capital stock of the Rock River Petroleum Company issued to the defendant Stevick and held by the New York Trust Company under a pooling agreement. The petroleum company and the trust company are nominal parties defendant. Plaintiff claimed that, while acting as its agent for the sale of the property described in the complaint, Stevick received a secret profit or commission from the purchaser in the form of the stock in question. Stevick's answer contained various denials and affirmative averments, and also a counterclaim in which he asked for a money judgment against plaintiff of $9,750, representing the balance of a cash commission of $10,000 which he alleged was due him on the sale. All of the issues were determined at Special Term in favor of the plaintiff. The said stock, which was finally fixed at 400 shares in amount, was adjudged to be the property of the plaintiff, and Stevick's counterclaim for the balance of his cash commission was dismissed. The Appellate Division reversed the judgment so far as it decreed the ownership of the stock to be in the plaintiff, and affirmed it as to the dismissal of the counterclaim.

*George C. Austin* and *Scott McLanahan* for plaintiff, appellant and respondent.

*Robert W. Bonynge* and *Fred Herrington* for defendant, respondent and appellant.

Judgment affirmed, without costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

MARK EPMAN et al., Appellants, *v.* ARTHUR M. Cox et al., Respondents.

*Contract — sale — action for breach of contract for sale and delivery of merchandise — defense that full performance was prevented by requirements of government, a fire and strikes.*

*Epman v. Cox*, 197 App. Div. 949, affirmed.

(Submitted December 7, 1922; decided January 9, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 28, 1921, unanimously affirming a judgment in favor of defendants entered upon a verdict. The action was to recover for an alleged breach of contract for the sale and delivery of merchandise. The contract contained the following clause: "This order is taken subject to the mill being able to get the necessary raw materials as well as to the requirements of the United States government." The defense was that delivery in full was prevented by the requirements and demands of the government for material needed for the army and by a fire in one of its mills and by strikes.

*Jack L. Kraus, 2d,* and *Otto A. Samuels* for appellants. *Theodore B. Richter* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, CRANE and ANDREWS, JJ. Dissenting: MCLAUGHLIN, J.